UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal Case No. |
| | ) |
| v. | ) Violations: |
| | ) |
| DAM NGOC LUONG, | ) Counts One - Two: |
| Defendant. | )     Filing a False Tax Return |
| | )     (26 U.S.C. § 7206(1)) |
| | ) |
| | ) Counts Three - Five: |
| | )     Failure to Collect or Pay Over Taxes |
| | )     (26 U.S.C. § 7202) |
| | ) |
| | ) Count Six: |
| | )     Mail Fraud |
| | )     (18 U.S.C. § 1341) |
| | ) |
| | ) Forfeiture Allegation: |
| | )     (18 U.S.C. § 981(a)(1)(C) and |
| | )     28 U.S.C. § 2461(c) |

INFORMATION

At all times relevant to this Information:

General Allegations

1. DAM NGOC LUONG ("LUONG") resided in Dorchester, Massachusetts.

2. LUONG owned and operated a temporary employment agency under the name Four Seasons Temp, Inc. ("Four Seasons"). Four Seasons was a Massachusetts business organized in 1998 with an address in Dorchester, Massachusetts.

3. The term "temporary employment agency" refers to a business that provides temporary workers to client companies, ordinarily leased on a short-term basis. The agency typically handles the administrative and accounting tasks associated with the hiring and

1

employment process, while the client company directs the day-to-day work activities of the temporary employees.

4. In temporary employment agency arrangements, the agency is ordinarily responsible for paying wages to the employees, for paying state and federal employment taxes, and for processing payroll deductions for taxes, social security obligations, health care benefits and/or union dues, if any. The agency is also responsible for meeting certain other fiduciary responsibilities of employers, including maintaining workers' compensation insurance for the employees. For these services, client companies pay fees to the agency.

5. Fees paid to temporary employment agencies may be calculated in various ways. Fees are commonly calculated based on a fixed hourly rate. For example, the agency might charge a client company $25.00 per hour for the services of each temporary employee. Included in that rate are the actual wages paid to the worker, additional expenses such as employment taxes, unemployment insurance and workers' compensation insurance, as well as a profit margin for the temporary employment agency.

<u>The Federal Tax Requirements</u>

6. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering and enforcing the tax laws of the United States.

7. The tax laws of the United States required every citizen and resident of the United States who received income in excess of the minimum filing amount established by law for a particular tax year to annually make and file an income tax return with the IRS for that tax year.

2

8.   Individuals such as LUONG were required to prepare and file income tax returns on U.S. Individual Tax Return IRS Form 1040 (hereafter "Form 1040"), Form 1040EZ or Form 1040A. LUONG annually filed Forms 1040 as a single person.

The Failure To Report Income

9.   Under the federal tax laws, gross income means all income from whatever source derived. From at least 2015 through at least 2019, LUONG received gross income in the form of checks payable to Four Seasons as payments for employee services.

10.   LUONG operated Four Seasons as an S Corporation. For federal tax purposes, S Corporations pass corporate income (or losses), as well as certain deductions and credits, through to their shareholders. Under the tax laws, Four Seasons was required to report to the IRS each year its annual gross receipts or sales, expenses, and resulting net income or loss on a Form 1120-S, U.S. Income Tax Return for an S Corporation. Four Seasons was not required to pay federal income taxes directly; instead, the company's net income (or loss) was passed through to LUONG for tax purposes and was required to be reported on LUONG's Form 1040 personal tax return.

11.   LUONG deposited some checks payable to Four Seasons into a business bank account maintained at Santander Bank in the name of Four Seasons Temp, Inc. She also deposited some checks payable to Four Seasons into a personal bank account at Bank of America held in the name of LUONG. Finally, she also cashed some checks, either personally or through an agent, at a check casher service named Broadway Check Cashing ("Broadway") in Worcester, Massachusetts.

12.   On the Four Seasons Forms 1120-S, LUONG reported to the IRS as gross income only the income from checks that were deposited into the business account at Santander Bank. LUONG failed to report to the IRS the gross income from checks payable to Four Seasons that were deposited into LUONG's personal account at the Bank of America or cashed at Broadway. After

deductions, the net income that was reported on the Forms 1120-S for Four Seasons flowed through to LUONG's personal Forms 1040.

### The Failure To Report Employee Wages And To Pay Over Employment Taxes

13. Federal tax laws require employers, including temporary employment agencies, to file IRS Form 941, Employer's Federal Quarterly Tax Return, to report all wages paid to employees and to pay over to the IRS all Federal employment taxes. Federal employment taxes consist of two parts: (a) employee income taxes withheld from employee wages to be credited toward the employees' federal income tax obligations, and (b) Federal Insurance Contributions Act ("FICA") taxes. FICA taxes consist of Social Security taxes and Medicare taxes. For any given employee, one-half of the applicable FICA taxes is required to be withheld from the employee's wages and the other half is required to be paid by the employer. Federal tax law requires employers to account for, collect, and pay over to the IRS both the withheld taxes (i.e., the employee's income tax withholdings and one-half of the FICA taxes) and the employment taxes owed by the employer itself (i.e., the employer portion of the FICA taxes).

14. As an employer, Four Seasons was required to collect, report, and pay over to the IRS the Federal employment taxes on IRS Forms 941 four times per year, for each quarter ending March 31, June 30, September 30, and December 31.

15. LUONG used some of the funds from the checks cashed at Broadway to pay wages to some Four Seasons employees "under the table" in cash. Some Four Seasons employees were paid by check "on the books," some by cash "off the books," and some by a combination of both.

16. LUONG caused Forms 941 employer quarterly tax returns to be filed in the name of Four Seasons, in which LUONG concealed the wages paid to employees in cash. By way of examples, (a) for the First Quarter of 2015, only $71,475.20 of wages paid to employees "on the

4

books" were reported to the IRS while LUONG and Four Seasons failed to report $520,377.76 of employee wages paid "off the books;" (b) for the Fourth Quarter of 2016, only $116,801.70 of wages paid to employees "on the books" were reported to the IRS while LUONG and Four Seasons failed to report $679,837.82 of employee wages paid "off the books;" and (c) for the Fourth Quarter of 2020, only $39,730.19 of wages paid to employees "on the books" were reported to the IRS while LUONG and Four Seasons failed to report $335,739.96 of employee wages paid "off the books."

17. LUONG and Four Seasons thereby failed to pay over to the IRS the employee income taxes and the employee share of FICA taxes required to be withheld from those cash wages. LUONG and Four Seasons also failed to report and pay over to the IRS the employer share of FICA taxes that were owed on the unreported payroll.

18. Likewise, on Four Seasons' Forms 1120-S corporate tax returns filed with the IRS, LUONG reported as gross wages only the wages that were paid by check "on the books." LUONG failed to report to the IRS on Forms 1120-S the gross wages paid to employees in cash "off the books."

### The Federal Taxes Due And Owing

19. For the tax years 2015 through 2019, LUONG caused Four Seasons to file with the IRS false Form 1120-S corporate tax returns whereby Four Seasons failed to report approximately $14,100,122.00 in gross receipts. Each of the Form 1120-S corporate income tax returns contained a declaration under penalty of perjury that the information submitted to the IRS was true, correct, and complete. As LUONG then and there well knew and believed, the Form 1120-S tax returns filed with the IRS were not true, correct, or complete.

20.     The gross receipts and gross employee wages that were unreported on Four Seasons' Forms 1120-S corporate tax returns resulted in the underreporting of net "ordinary business income" which passed through from Four Seasons to LUONG. LUONG likewise underreported the "ordinary business income" on her Form 1040 personal tax returns.

21.     For the tax years 2015 through 2019, LUONG filed false Form 1040 individual tax returns whereby the defendant concealed from the IRS approximately $3,062,102 she received as ordinary business flowthrough income. Each of the Form 1040 individual tax returns contained a declaration under penalty of perjury that the information submitted to the IRS was true, correct, and complete. As LUONG then and there well knew and believed, the Form 1040 tax returns filed with the IRS were not true, correct, or complete. Luong thereby evaded approximately $885,719 in federal income taxes owed to the IRS.

22.     From 2015 through 2020, LUONG caused Four Seasons to file false Forms 941 employer quarterly tax returns in the name of Four Seasons by failing to report approximately $12,282,412 in wages paid to employees. Each of the Form 941 tax returns contained a declaration under penalty of perjury that the information submitted to the IRS was true, correct, and complete. As LUONG then and there well knew and believed, the Form 941 quarterly tax returns filed with the IRS were not true, correct, or complete. Four Seasons thereby failed to report, collect, and pay over to the IRS approximately $3,107,450 in federal employment taxes owed to the IRS.

23.     For tax years 2015 through 2019, by filing false Forms 1120-S, Forms 1040, and Forms 941, LUONG thereby failed to pay to the IRS federal taxes aggregating approximately $3,993,169.

## The Scheme To Defraud Workers' Compensation Insurance Carriers

24.     The laws of the Commonwealth of Massachusetts require employers to obtain and maintain worker compensation insurance coverage so that employees who suffer work-related

injuries may be compensated.

25.     As with other forms of insurance, employers obtain their workers' compensation insurance by paying premiums to insurance carriers, which issue insurance policies that cover the employers' financial obligations for on-the-job employee injuries. The factors used in calculating a particular employer's workers' compensation insurance premium include: (1) the total wages of the employees to be covered (known as "payroll" or "exposure"); (2) the nature of the employees' work activities (known as "classification"); and (3) the employer's history of work-related injuries.

26.     Workers' compensation insurance is commonly obtained for a fixed period, typically one year, known as the insurance policy term.

27.     At the beginning of a policy term, the employer is required to provide the workers' compensation insurance carrier with estimates of its anticipated payroll during the upcoming policy term, as well as information regarding the job classifications of its employees. These payroll estimates are used to establish an estimated premium for the policy term, which the employer may be required to pay, in part or in full, before or during the policy term.

28.     After the close of a policy term, the insurance carrier commonly conducts an "audit" of the employer's actual payroll during the policy term to determine the final policy premium and to adjust the amount of additional premium the employer may be obligated to pay or the amount of paid premium to be refunded to the employer.

29.     During such audits, the employer is required to accurately report to the insurance carrier its actual payroll during the policy term. The employer may also be required to furnish records, such as employment tax withholding records or bank records, to verify its payroll figures.

30.     As owner and operator of Four Seasons, LUONG was responsible for accurately representing to the workers' compensation insurance carrier the true gross receipts for Four

Seasons, the true wages paid to Four Seasons' employees, and the circumstances of the employees' work, along with other facts and materials for determining the correct workers' compensation premiums.

31.     During insurance audits from at least June 2015 through June 2020, LUONG did not truthfully report the facts to workers' compensation insurance carriers, thereby furnishing false information that enabled LUONG to avoid paying workers' compensation insurance premiums commensurate with the wages paid to employees of Four Seasons. More particularly, LUONG only reported employee wages that were paid by check "on the books" and concealed the substantially larger amounts of employee wages that were paid in cash "off the books."

32.     Based on the false information LUONG provided during the audits, Travelers Property Casualty Company of America mailed LUONG and Four Seasons premium adjustment notices, and premium refunds, that reflected substantially lower insurance premiums than were in fact owed for workers compensation insurance premiums. LUONG thereby evaded payment of approximately $155,870.13 in workers' compensation insurance premiums.

COUNTS ONE THROUGH TWO
Filing a False Tax Return
(26 U.S.C. § 7206(1))

The United States Attorney charges:

33. The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 32 of this Information.

34. On or about the dates set forth below, in the District of Massachusetts, the defendant,

DAM NGOC LUONG,

did willfully make and subscribe U.S. Tax returns, as set forth below, each of which was verified by written declaration that it was made under the penalties of perjury, and each of which was filed with the Commissioner of Internal Revenue, and which returns the defendant did not believe to be true and correct as to every material matter in that LUONG well knew and believed that the gross income Four Seasons Temp. Inc. received, the wages paid to Four Seasons Temp, Inc. employees, and the pass through income LUONG received, each substantially exceeded the amounts LUONG reported to the IRS, as follows:

| COUNT | FILED ON OR ABOUT | TAX YEAR | FALSE ITEMS |
|---|---|---|---|
| 1 | 03/15/2018 | 2017 | **Form 1120-S Corporate Tax Return**<br>Line 1a Gross Receipts $613,141<br>Line 6 Total Income (Loss) $613,512<br>Line 8 Salaries and Wages $449,795<br>Line 20 Total Deductions $573,507<br>Line 21 Ordinary Business Income $39,645 |
| 2 | 04/15/2018 | 2017 | **Form 1040 Individual Tax Return**<br>Line 22 "total income" $54,888<br>Failed to report approximately $708,302.08 of ordinary business income |

All in violation of Title 26, United States Code, Section 7206(1).

## COUNTS THREE THROUGH FIVE
Failure to Pay Over Taxes
(26 U.S.C. § 7202)

The United States Attorney further charges:

35. The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 5 and 13 through 23 of this Information.

36. On or about the dates set forth below, in the District of Massachusetts, the defendant,

DAM NGOC LUONG,

a person required to collect, account for, and pay over any tax, willfully failed to collect, account for, and pay over to the Internal Revenue Service the federal income taxes and the Federal Insurance Contributions Act taxes due and owing to the United States on behalf of Four Seasons and its employees for the following quarters:

| Count | Filing Due Date | Tax Year | Tas Return and Quarter | Tax Amount Not Paid Over |
|---|---|---|---|---|
| 3 | 04/15/2017 | 2016 | Form 941 2016 Q1 | $134,971.82 |
| 4 | 04/15/2017 | 2016 | Form 941 2016 Q4 | $171,998.97 |
| 5 | 04/15/2021 | 2020 | Form 941 2020 Q4 | $84,942.21 |

All in violation of Title 26, United States Code, Section 7202.

COUNT SIX
Mail Fraud
(18 U.S.C. § 1341)

The United States Attorney further charges:

37. The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 5 and 13 through 32 of this Information.

38. On or about August 14, 2019, in the District of Massachusetts the defendant,

DAM NGOC LUONG,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did, for the purpose of executing and attempting to execute the scheme, knowingly cause to be delivered by mail and by any private and commercial interstate carrier according to the direction thereon, mail matter, to wit: Premium Adjustment Notice for workers' compensation policy period June 18, 2018 to June 18, 2019, mailed by Travelers Property Casualty Company of America to Four Seasons Temp, Inc. at 1446 Dorchester Avenue, Suite 120, Dorchester, MA 02122.

All in violation of Title 18, United States Code, Sections 1341.

## MAIL FRAUD FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

39. Upon conviction of the offense in violation of Title 18, United States Code, Section 1341 and 2, set forth in Count 6 of this Information, the defendant,

DAM NGOC LUONG,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, $155,870, to be entered in the form of a forfeiture money judgment.

40. If any of the property described in Paragraph 39, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 39 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

RACHAEL S. ROLLINS
United States Attorney

By: _____
VICTOR A. WILD
Assistant U.S. Attorney

February 2, 2023